39 F.3d 269
 66 Fair Empl.Prac.Cas. (BNA) 221,
65 Empl. Prac. Dec. P 43,391
Chris NOLAND, Plaintiff-Appellant,
v.
Robert McADOO, individually and as County Assessor of
Comanche County; Taylor C. Stein, individually and as
Assistant District Attorney of Comanche County; Claude
Mansel, individually and as County Commissioner of Comanche
County; Wayne Rowe, individually and as County Commissioner
of Comanche County; Frank Walker, individually and as
County Commissioner of Comanche County, Defendants-Appellees.
 No. 93-6429.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 2, 1994.
 
 Melvin C. Hall of Riggs, Abney, Neal & Turpen, and Nathan Gigger, Oklahoma City, OK, for plaintiff-appellant.
 Robert Todd Goolsby and Don Manners of Manners, Goolsby and Olson, Oklahoma City, OK, and Jerry C. Cude, Asst. Dist. Atty., Lawton, OK, for defendant-appellee Robert McAdoo.
 Susan B. Loving, Atty. Gen., of Oklahoma, Andrew Tevington, Asst. Atty. Gen., Oklahoma City, OK, for defendant-appellee Taylor C. Stein.
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 Plaintiff appeals[1] three district court decisions, entered in favor of defendants Robert McAdoo and Taylor C. Stein, in this action commenced pursuant to 42 U.S.C. Sec. 1983 and Title VII, 42 U.S.C. Secs. 2000e to 2000e-17.[2] Following the termination of her employment with the Comanche County, Oklahoma, assessor's office, plaintiff commenced this action, alleging that the county assessor, defendant McAdoo, had sexually harassed her and ultimately fired her after she rejected his advances, and further alleging that an assistant district attorney, defendant Stein, deprived her of a liberty interest without due process as a result of remarks the attorney made about plaintiff that were published in a local newspaper.
 
 
 2
 The district court granted Stein's motion to dismiss the claim against him for failure to state a claim, Fed.R.Civ.P. 12(b)(6), and denied plaintiff's motion for reconsideration of that decision. In addition, the court also denied plaintiff's request for leave to amend her complaint. The district court granted McAdoo's motion for summary judgment on the sexual harassment claim. Upon consideration of the record and the parties' appellate arguments, we affirm the district court's decision dismissing the liberty interest claim asserted against Stein, but we reverse the district court's entry of summary judgment in favor of McAdoo.
 
 I. Sexual Harassment
 
 3
 In her Sec. 1983 sexual harassment claim, plaintiff alleged that defendant McAdoo sexually harassed her, both during the time that he was a fellow employee in the county office and later, after he was appointed county assessor and, therefore, plaintiff's supervisor, and that he eventually terminated her employment as a result of her rejection of his sexual advances. In granting McAdoo's motion for summary judgment on that claim, the district court concluded that any sexual harassment occurring prior to the time that he became plaintiff's supervisor was not actionable under Sec. 1983 and that plaintiff had failed to present any evidence tending to support her claim that he had harassed her after he became her supervisor.
 
 
 4
 Summary judgment is appropriate only if there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This court reviews a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 5
 An allegation of sexual harassment is actionable under Sec. 1983 as a violation of the Equal Protection Clause. Starrett v. Wadley, 876 F.2d 808, 814 (10th Cir.1989). The parties agree, however, that in order to establish the state action necessary to support a Sec. 1983 claim, defendant McAdoo had to be plaintiff's supervisor or in some other way exercise state authority over her. See Woodward v. City of Worland, 977 F.2d 1392, 1400-01 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 3038, 125 L.Ed.2d 724 (1993). "Of course, if a supervisor or employer participates in or consciously acquiesces in sexual harassment by an outside third party or by co-workers, or if the employing entity has a policy or custom of allowing such sexual harassment in the workplace, the supervisor or employer may[, nevertheless,] be liable." Id. at 1401. Because plaintiff did not make such allegations here, however, the district court correctly determined that McAdoo's allegedly harassing conduct was not actionable until January 1990, when he became county assessor and, therefore, plaintiff's boss.
 
 
 6
 To the extent, however, that the district court disregarded all evidence of sexual harassment occurring prior to January 1990, we deem that error. Although not being actionable itself, those events occurring before McAdoo became plaintiff's supervisor provide relevant circumstantial evidence to explain the events occurring after McAdoo became plaintiff's boss, cf. United Air Lines, Inc. v. Evans, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977) ("A discriminatory act which is not made the basis of a timely charge ... may [nevertheless] constitute relevant background evidence in a proceeding in which the status of a current practice is at issue."), the only period of time for which defendant McAdoo can be liable, if at all, under Sec. 1983.
 
 
 7
 In order to recover under her Sec. 1983 equal protection claim, therefore, plaintiff must establish that, after becoming her supervisor, defendant McAdoo discriminated against her because of her sex. See Starrett, 876 F.2d at 815. Because the evidence, including the events alleged to have occurred before McAdoo became county assessor, viewed in the light most favorable to plaintiff, establishes a genuine issue of fact as to this issue, Deepwater Invs., Ltd., 938 F.2d at 1110, summary judgment was inappropriate.
 
 
 8
 Plaintiff testified that, during the years that she worked with McAdoo, prior to his becoming county assessor, he had made numerous unwelcomed advances toward her. She testified that McAdoo would stand very close to her, for instance, up against a cabinet in the file room, or he would stand in the doorway, making it impossible for her to pass through the doorway without rubbing up against him. Appellant's App. at 51, 58. At times he would approach her in the file room and put his hand on her waist or shoulder, despite her telling him that she did not appreciate this contact. Id. at 51. The former county assessor corroborated the occurrence of some of these incidents. Id. at 59-60.
 
 
 9
 Plaintiff further asserted that McAdoo would continually ask her to go to lunch with him, id. at 56, or to go on a date with him, id. at 53, 56-57. He purchased a home two blocks from plaintiff's home "to be closer to" her. Appellee McAdoo's Supp.App. at 25. He would buy her gifts, Appellant's App. at 55, and send her flowers, Appellee McAdoo's Supp.App. at 6. He told plaintiff that he loved her and that when he was with other women he would think about her a lot. Appellant's App. at 54-55. Plaintiff complained to the then county assessor on several occasions concerning McAdoo's conduct. Id. at 50.
 
 
 10
 According to plaintiff, after McAdoo became county assessor in January 1990, he indicated that plaintiff and perhaps several other employees would be attending a training session in Oklahoma City in February 1990. Id. at 49. Prior to that training session, however, McAdoo then changed his mind and indicated that, while he was going to attend the meeting, plaintiff would not be going. Id. at 50. He did, however, ask her to meet him in Oklahoma City in the evening, after the training session had concluded, to have dinner with him and to "see if we can't get along a little more than we have lately." Id. Plaintiff declined. McAdoo responded with a comment to the effect that she had done that before, why not now. Appellee McAdoo's Supp.App. at 28. A week later, McAdoo asked plaintiff if she had changed her mind about not going to Oklahoma City. Id. She said no, not unless other employees would be going with her. Id. McAdoo then indicated that he would be attending the training session alone. Id. When he returned from the session, he would not speak to plaintiff. Id. Within the next few weeks, McAdoo terminated plaintiff's employment. Appellant's App. at 49.
 
 
 11
 Defendant McAdoo denies most of plaintiff's allegations, Appellee McAdoo's Supp.App. at 32, 34-37, 41-42, and presented testimony from other employees in support of his assertion that he fired plaintiff because she was incompetent to perform the duties her job required, id. at 16-17, 47-48, 54, 56. He also submitted evidence that he attended the training session in Oklahoma City with two other county employees. Id. at 47, 49.
 
 
 12
 This evidence, viewed in the light most favorable to plaintiff, creates a genuine issue of material fact concerning whether McAdoo subjected her to sexual harassment. The district court, therefore, erred in granting his summary judgment motion.
 
 II. Liberty Interest
 
 13
 Plaintiff also asserted a Sec. 1983 claim against defendant Stein, an assistant district attorney, alleging that he deprived her of a liberty interest in her reputation without benefit of due process when he told a reporter, who later published the remarks in a local newspaper, that plaintiff was a "whore" and a "barfly." Stein admits making these statements to a reporter twenty days after the termination of plaintiff's employment and in response to questions about sexual harassment charges plaintiff had raised against McAdoo. The district court granted Stein's Rule 12(b)(6) motion to dismiss this cause of action for failure to state a claim and denied plaintiff's subsequent motion for reconsideration or, in the alternative, for leave to amend the complaint.
 
 
 14
 This court reviews the district court's Rule 12(b)(6) dismissal de novo. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991). Dismissal under Rule 12(b)(6) is appropriate only if plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Id. This court will review the district court's decision to grant or deny leave to amend the complaint only for an abuse of discretion. Snider v. Circle K Corp., 923 F.2d 1404, 1409 (10th Cir.1991).
 
 
 15
 When a public employer takes action to terminate an employee based upon a public statement of unfounded charges of dishonesty or immorality that might seriously damage the employee's standing or associations in the community and foreclose the employee's freedom to take advantage of future employment opportunities, a claim for relief [under Sec. 1983] is created.
 
 
 16
 Melton v. City of Oklahoma City, 928 F.2d 920, 927 (10th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 296, 116 L.Ed.2d 241 and --- U.S. ----, 112 S.Ct. 297, 116 L.Ed.2d 241 (1991). Plaintiff, however, failed to establish a sufficient nexus between the assistant district attorney's remarks and her termination. See id. at 930 (in order to be actionable under Sec. 1983, "a stigmatizing statement must be the basis of punitive action taken by a public entity against one of its employees"); see also Siegert v. Gilley, 500 U.S. 226, 233-34, 111 S.Ct. 1789, 1793-94, 114 L.Ed.2d 277 (1991) (remarks that were not made incident to termination could not be the basis for former federal employee's constitutional claim for deprivation of a liberty interest without due process). The district court, therefore, properly granted Stein's motion to dismiss and denied plaintiff's motion for reconsideration. Because plaintiff's proposed amendment to the complaint would not have resuscitated her claim, the district court did not abuse its discretion in denying leave to amend.
 
 III. Summary
 
 17
 The judgment of the United States District Court for the Western District of Oklahoma dismissing plaintiff's Sec. 1983 claim against defendant Stein is AFFIRMED. The district court's decision, however, granting defendant McAdoo summary judgment is REVERSED, and this cause is REMANDED to the district court for proceedings consistent with this opinion.
 
 
 
 [1]
 Because all of the parties have waived oral argument, this appeal is ordered submitted on the briefs. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9
 
 
 [2]
 Plaintiff does not appeal the district court's decision in favor of defendants on her Title VII cause of action nor does she appeal the award of summary judgment in favor of the county commissioners on the remaining claims