David DAVIS, Plaintiff,

v.

Ron OLIN, Mile Wildgen, Michael O. Hall, Kevin Harmon, and City of Lawrence, Defendants.

No. 94–4016–SAC.

United States District Court, D. Kansas.

April 20, 1995.

---

Donald G. Strole, Sally G. Kelsey, Law Office of Donald G. Strole, Lawrence, KS, Kevin L. Diehl, Eugene B. Ralston & Assoc., P.A., Topeka, KS, for plaintiff.

Gerald L. Cooley, Randall F. Larkin, Allen, Cooley & Allen, Lawrence, KS, for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

On September 9, 1994, the plaintiff, David Davis, filed his third amended complaint.

Davis, a fifteen-year employee of the Lawrence Police Department, alleges, *inter alia,* that he was wrongfully terminated from his position with the City of Lawrence Police Department. The third amended complaint seeks damages "pursuant to the United States Constitution and 42 U.S.C. § 1983 resulting from deprivations, under color of law, of plaintiff's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution, for tortious conduct under Kansas Law and for breach of contract under Kansas Law."

This case comes before the court upon the defendants' motion pursuant to Fed.R.Civ.P. 12(c) for partial judgment on the pleadings (Dk. 43) on certain portions of the plaintiff's third amended complaint.[1] The defendants acknowledge that the plaintiff's third amended complaint has corrected some of "the defects that plagued his original complaint and were the focus of the defendants' initial and supplemental motions to dismiss." Despite these corrections, the defendants contend that several of the same fatal defects are perpetuated in the plaintiff's third amended complaint. The plaintiff has filed a response which concedes certain arguments advanced by the defendants and opposes others. The defendants have filed a reply.

Having considered the briefs of counsel, the plaintiff's third amended complaint, and the applicable law, the court is now prepared to rule.

### Legal Standards

Fed.R.Civ.P. 12(c) states in pertinent part: After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.

"A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."

*Mock v. T.G. & Y. Stores Co.,* 971 F.2d 522, 528 (10th Cir.1992) (*citing McHenry v. Utah Valley Hosp.,* 927 F.2d 1125, 1126 (10th Cir. 1991), *cert. denied,* 502 U.S. 894, 112 S.Ct. 263, 116 L.Ed.2d 217 (1991)).

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993); *see Hospice of Metro Denver v. Group Health Ins.,* 944 F.2d 752, 753 (10th Cir.1991) ("Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief.") (citations omitted); *Thatcher Enterprises v. Cache County Corp.,* 902 F.2d 1472 (10th Cir.1990) ("Under Rule 12(b)(6), dismissal is inappropriate unless plaintiff can prove no set of facts in support of his claim to entitle him to relief.").

A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987).[2] It is not the court's function "to weigh potential evidence that the parties might present at trial." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40

---

1. On October 11, 1994, the court entered a memorandum and order denying the defendants' supplemental motion to dismiss (Dk. 18) on the condition that the court would reconsider its ruling de novo if the defendants filed a timely memorandum or motion that addressed the plaintiff's third amended complaint. *See* (Dk. 34).

2. "[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). The court is "not compelled to accept, however, conclusory allegations concerning the legal effect of facts set out in the complaint." *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 730 (7th Cir. 1994).

L.Ed.2d 90 (1974); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983) (footnote omitted). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir. 1989).

### Fed.R.Civ.P. 8(a)

■■■ Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 85, 78 S.Ct. at 175. If the complaint is "too general," then it will not provide fair notice to the defendant. *Boston & Maine Corp. v. Town of Hampton,* 987 F.2d 855, 865 (1st Cir.1993). Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319, 1321 (10th Cir.1977); *see Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1216 at 154–59 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Co.,* 851 F.2d 513, 515 (1st Cir.1988). In short, Rule 8(a) relieves a plaintiff from pleading technicalities and from alleging detailed facts that establish her right to judgment. *Trevino v. Union Pacific R. Co.,* 916 F.2d 1230, 1234 (7th Cir.1990). But, it still requires minimal factual allegations on those material elements that must be proved to recover. *See Hall v. Bellmon,* 935 F.2d at 1110.

In *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit,* —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), the Supreme Court held that a federal court may not apply a "heightened pleading standard"—a standard more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure—in § 1983 cases alleging municipal liability. Fed.R.Civ.P. 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." —— U.S. at ——, 113 S.Ct. at 1161, 122 L.Ed.2d at 524. In short,

[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Id.* (quoting *Conley v. Gibson* 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957) (footnote omitted)).

### 42 U.S.C. § 1983

■■■ 42 U.S.C. § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 does not create any substantive rights. *Dixon v. City of Lawton, Okl.,* 898 F.2d 1443, 1447 (10th Cir.1990). A § 1983 claim generally describes a substantive violation of a right secured by the Constitution or law. *Id.*

■■■ Under 42 U.S.C. § 1983, the plaintiff must establish (1) that the actions

complained of were done by a person acting under color of state law, and (2) that these actions deprived the plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States. *Greco v. Guss*, 775 F.2d 161, 164 (7th Cir.1985); *see Ruark v. Solano*, 928 F.2d 947, 949 (10th Cir.1991); *Dixon*, 898 F.2d at 1447. Whether a person is subject to a § 1983 suit turns upon the ultimate question of whether the alleged infringement of federal rights is fairly attributable to the state. *Rendell–Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 2769–70, 73 L.Ed.2d 418 (1982); *Tarabishi v. McAlester Regional Hosp.*, 827 F.2d 648, 651 (10th Cir.1987).

## Count I

In Count I, the plaintiff appears to assert both Due Process and Equal Protection claims. The defendants seek to dismiss the plaintiff's Equal Protection claims, arguing that the plaintiff does not allege that he belonged to a class singled-out for invidious class-based discrimination. The defendants concede that based upon a liberal reading of Count I of the plaintiff's third amended complaint, he states a viable due process claim.

In full, the plaintiff responds:

1. The defendants concede that part of Count I, if construed as a due process claim, states a valid cause of action if the allegations are construed as being true. The defendants argue that if taken as an equal protection claim that it does not state a valid cause of action. On this point, the plaintiff agrees. Count I was not intended to be an equal protection claim, but rather, a claim stating that Detective Davis' liberty and property interests were affected by the fact that [1] he was treated differently than other officers who worked in the department, [2] was disciplined more severely than other officers for the same or similar kinds of conduct, or as stated in paragraphs 19, 22, 40, 52 and 53 of his Third Amended Complaint, [3] was not provided adequate due process prior to or subsequent to his termination. Thus, in all these respects his rights to due process were violated.

Plaintiff's response (Dk. 50) at 1–2 (numbering of clauses added).

The defendants reply, arguing that despite the plaintiff's characterizations of his claims, clauses [1] and [2] of his response nevertheless present equal protection claims. The defendants contend that the plaintiff should not be permitted to bring his equal protection claims through the due process back door. The defendants concede that the third clause can be construed as asserting a procedural due process claim.

As the defendants contend, clauses [1] and [2] of the plaintiff's response appear to assert equal protection claims in the guise of due process claims. "The equal protection clause is triggered when the government treats someone differently than another who is similarly situated." *Buckley Const. v. Shawnee Civ. & Cultural Dev.*, 933 F.2d 853, 858 (10th Cir.1991) (*citing City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985)). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990) (*quoting Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir.1989) (*en banc*)). In contrast, "[t]he Due Process Clause guarantees due process only when a person is to be deprived of life, liberty or property." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994). *See Plyler v. Doe*, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982). Despite the plaintiff's contentions, his claims in clauses [1] and [2] appear in reality to be ill-premised equal protection claims.

In the absence of any authority in support of his position and in light of the plaintiff's spartan response, the court grants the defendant's motion to dismiss Count I of the plaintiff's third amended complaint to the extent that it asserts an equal protection claim as explained and expressed in clauses [1] and [2] of the plaintiff's response.

## Count II

Count II, paragraph 63, provides:

Acting under color of law and pursuant to official policy or custom, defendants knowingly, recklessly, or with deliberate indifference and callous disregard of plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis police officers in their duties to refrain from 1) unlawfully harassing a citizen and officer who was acting in accordance with his constitutional and statutory rights, privileges and immunities; and 2) violating the rights, privileges and immunities guaranteed to plaintiff by the Constitution and laws of the United States and the laws of the State of Kansas; and 3) otherwise depriving plaintiff of his constitutional and statutory rights, privileges and immunities.

Paragraph 64 alleges that the defendants acted recklessly or with deliberate indifference to certain rights, privileges and immunities guaranteed to the plaintiff by the United States Constitution and state and federal laws.

The defendants seeks dismissal of Count II to the extent that Count II asserts a "failure to train claim" of the sort recognized by *Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The defendants contend that such a claim is unworkable as a matter of law in the case at bar as the plaintiff is essentially asserting a claim based upon an adverse employment decision, namely the plaintiff's termination. The defendants concede that the plaintiff's injury in this case, if any, arose out of an act properly attributable to the municipality but contend that it cannot be liable for failure to train or discipline its police officers.

The plaintiff responds, incorporating by reference portions of his April 8, 1994, response to the defendants' motion to dismiss. The plaintiff apparently contends that the purpose of Count 2 is to satisfy the requirements of *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The plaintiff makes no attempt to directly respond to the defendants' contention that his "failure to train" claim is inappropriate in this case.

### Municipal Liability under § 1983

In *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728 (7th Cir.1994), the court of appeals succinctly summarized the law concerning municipal liability under § 1983:

A local governmental unit is subject to suit under 42 U.S.C. § 1983 because it is deemed a "person" within the meaning of that provision. *Monell v. Department of Social Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, [2035] 56 L.Ed.2d 611 (1978). The Supreme Court has consistently interpreted this language as barring *respondeat superior* liability on the part of a local governmental unit. *See Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 735–36, 109 S.Ct. 2702, [2723] 105 L.Ed.2d 598 (1989); *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, [1203] 103 L.Ed.2d 412 (1989); *Monell,* 436 U.S. at 691 [98 S.Ct. at 2036]; *see also Auriemma v. Rice,* 957 F.2d 397, 399 (7th Cir.1992) ("Municipalities are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional torts of their agents."). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell,* 436 U.S. at 694 [98 S.Ct. at 2037–38.] The caselaw has identified three instances in which a municipality can be said to have violated the civil rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation, *see, e.g. Monell,* 436 U.S. at 690 [98 S.Ct. at 2035–36;] (2) "a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law,'" *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127, 99 L.Ed.2d 107, 108 S.Ct. 915 [926] (1988) (plurality opinion) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167–68, 90 S.Ct. 1598, [1613–14] 26 L.Ed.2d 142 (1970)); see also 485 U.S. at 138 [108 S.Ct. at 931–32] (Brennan, J., concurring); or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority," *Praprotnik,* 485 U.S. at 123 [108 S.Ct. at

924;] *id.* at 139 [108 S.Ct. at 932] (Brennan, J., concurring); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483, 106 S.Ct. 1292, [1300] 89 L.Ed.2d 452 (1986) (plurality opinion).

26 F.3d at 734–735 (footnote omitted). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983." *Canton,* 489 U.S. at 389, 109 S.Ct. at 1205.

### Analysis

■ The plaintiff makes no serious attempt to defend against this attack by the defendants. Nevertheless, the court will at this juncture deny the defendants' motion to dismiss this portion of Count II as they have not specifically analyzed whether the plaintiff's "deliberate indifference" claim is viable under Tenth Circuit precedent.

In *Ware v. Unified School Dist. No. 492,* 902 F.2d 815 (10th Cir.1990), on rehearing of the Tenth Circuit's opinion in *Ware v. Unified School Dist. No. 492,* 881 F.2d 906 (10th Cir.1989), the defendant argued that the Tenth Circuit erred in applying the deliberate indifference standard of *Canton* to a claim other than to a claim of failure to train. The plaintiff in *Ware* claimed that she had been discharged by the defendant in violation of her First Amendment rights. The Tenth Circuit rejected this argument:

Contrary to the [defendant's] argument on rehearing, we remain convinced that a causal connection between the unconstitutional act and the authorized decisionmakers may be established when the governing body has exercised its decisionmaking authority with deliberate indifference to the constitutional rights of those affected by its decision.

902 F.2d at 819. *See Gates v. Unified School Dist. No. 449,* 996 F.2d 1035, 1042–1043 (10th Cir.1993).

Because neither the plaintiff nor the defendants discusses the viability of this portion of Count II within the context of what appears to be relevant Tenth Circuit precedent, the court denies without prejudice this portion of the defendants' motion to dismiss.

### Count III

In Count III, the plaintiff alleges that the defendants attempted to discredit him, depriving him of liberty and property without due process of law in violation of his First, Fifth and Fourteenth Amendment rights. Specifically, the plaintiff alleges that he was unlawfully terminated for (1) supporting a district attorney candidate of his choice; (2) voicing his concerns about Chief Ron Olin's insensitivity to the Native American community; and (3) expressing his opinion regarding the remodeling and expansion of the Detective Division.

The defendants seek to dismiss portions of Count III. As to the plaintiff's claim that he was deprived of a liberty interest, the defendants contend that the plaintiff has failed to allege that any false and damaging characterizations or charges were made public by any of the defendants. The defendants also contend that the plaintiff has failed to allege that his good name, reputation, honor, or integrity were stigmatized by the termination.

In regard to the plaintiff's claim that he was deprived of a property interest, the defendants contend that this claim should be dismissed as duplicative of Count I.

In regard to the plaintiff's claim that he was terminated for expressing an opinion regarding the remodeling and expansion of the Detective Division, the defendants contend that such speech simply does not touch on a matter of public concern, and therefore is not a compensable injury.

The plaintiff responds, arguing that Count III "sets out the heart" of his complaint. The plaintiff contends that he has alleged facts that would show that his liberty interest has been adversely impacted by his wrongful termination. The plaintiff also contends that Count III is not duplicative of Count I. Count I sets forth a procedural due process claim, whereas Count III sets forth a First Amendment claim.

In response to the defendants contention that the plaintiff's expression of opinion concerning the remodeling of the Detective Division was not a matter of public concern, the

plaintiff argues that the remodeling of the Detective Division was a matter of public concern as it involved the use or waste of public funds.

## Analysis

"The protection of procedural due process in not available until the plaintiff establishes the existence of a recognized property or liberty interest." *Southeast Kansas Comm. Action Program, Inc. v. Lyng,* 758 F.Supp. 1430, 1432 (D.Kan.1991), *aff'd,* 967 F.2d 1452 (10th Cir.1992).

### Liberty Interest

"We have stated that '[t]he concept of liberty recognizes two particular interests of a public employee: 1) the protection of his good name, reputation, honor, and integrity, and 2) his freedom to take advantage of other employment opportunities.'" *Derstein v. State of Kan.,* 915 F.2d 1410, 1414 (10th Cir.1990) *(quoting Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir.1988)), *cert. denied,* 499 U.S. 937, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991).

" 'When a public employer takes action to terminate an employee based upon a public statement of unfounded charges of dishonesty or immorality that might seriously damage the employee's standing or associations in the community and foreclose the employee's freedom to take advantage of future employment opportunities, a claim for relief [under § 1983] is created.'" *Noland v. McAdoo,* 39 F.3d 269, 273 (10th Cir.1994) *(quoting Melton v. City of Oklahoma City,* 928 F.2d 920, 927 (10th Cir.), *cert. denied,* 502 U.S. 906, 112 S.Ct. 296, 116 L.Ed.2d 241 (1991)); *see Six v. Henry,* 42 F.3d 582, 585 (10th Cir.1994) ("[F]or a successful liberty deprivation claim, an employee '... must show that her dismissal resulted in the publication of information which was false and stigmatizing—information which had the general effect of curtailing her future freedom of choice or action.'") *(quoting Asbill v. Housing Authority of Choctaw Nation,* 726 F.2d 1499 (10th Cir. 1984)).

In the case at bar, the court is satisfied that the plaintiff's complaint is sufficient to state a claim for a deprivation of a liberty interest. Liberally viewed, the plaintiff's complaint satisfies the publication requirement. Similarly, the court is also satisfied that the plaintiff's claim that he has been stigmatized and damaged by the defendants' wrongful termination is plead with sufficient clarity to withstand the defendants' Rule 12(c) motion.

### Property Interests

The court is satisfied that Count III is not duplicative of Count I. In light of the plaintiff's response, Count III essentially presents a First Amendment claim, whereas Count I presents a procedural due process claim. However, the defendants correctly argue that the plaintiff may not assert a substantive due process claim which essentially parallels his First Amendment claims. "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver,* 510 U.S. ——, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) *(quoting Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)); *see Silva v. University of New Hampshire,* 888 F.Supp. 293 (D.N.H.1994); *Hinrichs v. Whitburn,* 772 F.Supp. 423, 431 (W.D.Wis.1991), *aff'd,* 975 F.2d 1329 (7th Cir. 1992). To the extent the plaintiff is attempting to assert a substantive due process claim paralleling his First Amendment claim, the substantive due process claim is dismissed.

### First Amendment Claim

As to the defendants' contention that the plaintiff's opinion on the remodeling of the Detective Division did not involve a matter of public concern, at this juncture the court is persuaded that the plaintiff's statements regarding the potential waste of public funds due to the remodeling project address matters of public concern. *See Schalk v. Gallemore,* 906 F.2d 491 (10th Cir.1990); *Wulf v. City of Wichita,* 883 F.2d 842 (10th Cir.1989); *Hall v. Marion School Dist. No. 2,* 860 F.Supp. 278, 288 (D.S.C.1993) (letter regarding alleged waste of public funds clearly

address matters of public concern), *aff'd*, 31 F.3d 183 (4th Cir.1994).

## Count IV

In Count IV, the plaintiff alleges that the defendants' actions constitute the common law torts of retaliatory discharge, wrongful discharge, outrage, abuse of process, tortious interference with a contractual relationship, and intentional infliction of mental distress[3] under the laws of Kansas. Based upon the defendants' motion, the plaintiff agrees to the dismissal of Count IV of his third amended complaint.[4]

## Punitive Damages

In Counts I through IV, the plaintiff seeks punitive damages. The defendants argue, and the plaintiff concedes, that punitive damages may not be assessed against a municipality or against individual defendants sued in their official capacities. *See Butcher v. McAlester*, 956 F.2d 973, 976 n. 1 (10th Cir.1992) ("A municipality is not liable for punitive damages in a proceeding under 42 U.S.C. § 1983."); *Wulf*, 883 F.2d 842. This portion of the defendants' motion to dismiss is granted.

IT IS THEREFORE ORDERED that the defendants' motion for partial judgment on the pleadings (Dk. 43) is granted in part and denied in part as set forth in the body of this memorandum and order.

---

3. The court simply notes that the torts of outrage and the intentional infliction of emotional distress are interchangeable terms for the same cause of action. *Taiwo v. Vu*, 249 Kan. 585, 586, 822 P.2d 1024 (1991); *Roberts v. Saylor*, 230 Kan. 289, 637 P.2d 1175 (1981).

4. Because the defendants concede that the actions of the individual defendants were all taken and performed within the scope of their employment, the plaintiff concedes that his tortious interference with a contractual relationship claim should be dismissed.