UNITED STATES COURT OF APPEALS

Filed 6/19/96

FOR THE TENTH CIRCUIT

ROBERTA PRICE,

       Plaintiff-Appellant,

v.

PUBLIC SERVICE COMPANY OF
COLORADO,

       Defendant-Appellee.

No. 95-1380
(D.C. No. 92-M-2285)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Roberta Price appeals the district court's order granting summary judgment to defendant on her claims that she was unlawfully discharged from her employment due to age discrimination, and in retaliation for complaining about sexual harassment and discrimination on the basis of sex. She also seeks leave to pursue her state law claim of promissory estoppel. Plaintiff's claim for sexual harassment survived summary judgment. The district court certified for appeal its summary judgment order, pursuant to Fed. R. Civ. P. 54(b). Our jurisdiction arises from 28 U.S.C. § 1291.

Plaintiff was employed by defendant from August 1977 until her position was terminated by a reduction in force in November 1981. Defendant asserts that plaintiff was selected for lay-off pursuant to a "functional analysis" by which company managers were told to evaluate all the positions in their respective departments and to recommend eliminating unnecessary positions. Plaintiff alleges that defendant selected her for lay-off because she had complained about sexual harassment and unequal treatment of women, and because she was over forty years old. She also maintains defendant promised her permanent employment, and she has requested leave to amend her complaint to include a claim for promissory estoppel based on that promise. The district court examined defendant's

2

proffered reason for terminating plaintiff's employment, and found that "[t]here [was] room for some skepticism about the 'Functional Analysis.'" District Court's August 1, 1995 order at 3. The district court further noted that plaintiff was escorted from the building only fifteen minutes after being told of the lay-off and was informed that defendant would provide no letters of recommendation. Id.

Defendant renews its objection to the district court's decision to consider the transcribed testimony of Philip Criste and Patrick McCarter made from audiotaped, informal depositions on the ground that the testimony was not presented in the form of sworn, formal depositions. The transcripts indicate that the respective witnesses agreed to tell the truth, and that defendant's counsel was present. Defendant does not object to the statements other than to their form. Under the circumstances, we find no error in the district court's consideration of the statements on summary judgment. Cf. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(party resisting summary judgment is not required to "produce evidence in a form that would be admissible at trial").

We review the grant of summary judgment de novo, using the same standard as the district court under Fed. R. Civ. P. 56(c). Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir. 1994). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

3

Under the traditional McDonnell-Douglas burden-shifting analysis for employment discrimination claims, a plaintiff is required initially to establish a prima facie case of discrimination, after which the employer must offer a facially nondiscriminatory reason for its employment action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Marx v. Schnuck Markets, Inc., 76 F.3d 324, 327 (10th Cir. 1996)(age discrimination); Murray v. City of Sapulpa, 45 F.3d 1417, 1420-21 (10th Cir. 1995)(sex discrimination and retaliation). To withstand summary judgment, the plaintiff then has the burden to produce "evidence upon which a factfinder could conclude that the defendant's alleged nondiscriminatory reasons for the employment decisions are pretextual." Ingels v. Thiokol Corp., 42 F.3d 616, 622 (10th Cir. 1994).

After the district court entered its summary judgment order, this court announced its decision in Randle v. City of Aurora, 69 F.3d 441 (10th Cir. 1995). There, we held, "a civil rights plaintiff may withstand a motion for summary judgment and is entitled to present [her] claim to the factfinder if [she] establishes a prima facie case and presents evidence that the defendant's proffered nondiscriminatory reason was pretextual - i.e., unworthy of belief." Id. at 452 n.17. We interpret the district court's observation that "[t]here is room for some skepticism" as a finding that the plaintiff has submitted sufficient evidence of pretext to satisfy Randle. Accordingly, Randle dictates reversal of the summary judgment on plaintiff's age discrimination and retaliation claims. See Goodman v. Lukens Steel Co., 482 U.S. 656,

4

662 (1987)(generally, reviewing court retroactively applies case law existing at time of appellate decision).

We turn to plaintiff's argument that she should have been granted leave to amend her complaint to add a state law claim of promissory estoppel based on defendant's promise of permanent employment. The district court's August 1, 1995 order did not specifically address plaintiff's promissory estoppel claim. Therefore, we remand this issue to permit the district court to exercise its discretion on whether to permit plaintiff to amend her complaint. See Noland v. McAdoo, 39 F.3d 269, 273 (10th Cir. 1994)(grant or denial of leave to amend complaint reviewed for abuse of discretion).

The judgment of the United States District Court for the District of Colorado is REVERSED and REMANDED for proceedings consistent with this order and judgment.

Entered for the Court

John C. Porfilio
Circuit Judge

5