**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KATHY HUTCHINS,

Plaintiff - Appellant,

v.

CESSNA AIRCRAFT COMPANY,

Defendant – Appellee.

No. 14-3014
(D. Kansas)
(D.C. No. 6:12-CV-01410-KHV)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **McKAY**, and **McHUGH**, Circuit Judges.

Ms. Kathy Hutchins worked for Cessna Aircraft Company until she was fired at age 53. She attributed the firing to her age and sued under the Age Discrimination in Employment Act. Cessna denied age discrimination and moved for summary judgment, insisting that it had fired Ms. Hutchins for poor work performance. In her response to the summary judgment motion, Ms. Hutchins admitted that Cessna's decision-makers had

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

not considered her age. With this admission, the district court granted summary judgment to Cessna. We affirm.

I.      **Ms. Hutchins's Employment and Eventual Firing**

Ms. Hutchins worked for Cessna from 1978 to 2012. Toward the end, she worked in the Finance Department as a Finance Business Partner. Her supervisor was Michele Gifford. Ms. Gifford ultimately fired Ms. Hutchins, telling her that she could stay in the Finance Department for only 30 more days while she looked for other jobs within the company. Ms. Hutchins did not apply for any other jobs at Cessna. Accordingly, Cessna terminated her.

She attributed the firing to age discrimination, suing Cessna under the Age Discrimination in Employment Act.[1] Cessna moved for summary judgment, setting forth a statement of facts. In this statement, Cessna said that "[a]t the time the decision was made to terminate [her], neither Gifford, Manuel, or Poulson were aware of, nor did they consider, [Ms. Hutchins]'s age."[2] Ms. Hutchins responded:

> "UNCONTROVERTED — as self-servingly [sic] stated [sic] by current employees who would never testify against their own economic interests. However, it is simple math for them to determine or know that a person who has worked at an employer, who, by law cannot employ a person under the age of 18, would be nearing the age of 55. (18+34=52)"[3]

---

[1]     Ms. Hutchins also alleged violation of the Employment Retirement Income Security Act, but that claim is not at issue on appeal.

[2]     Appellant's App. at 297.

[3]     Appellant's App. at 297.

Based on this admission, the district court held that Ms. Hutchins had not established a genuine issue of material fact regarding pretext.[4] Accordingly, the district court granted summary judgment to Cessna.

## II. Standard of Review

"We review the district court's grant of summary judgment de novo, employing the same legal standard applicable in the district court."[5] Summary judgment would have been appropriate in the absence of a genuine issue of material fact.[6] In deciding whether a genuine issue of material fact existed, we must view the evidence in the light most favorable to the party opposing summary judgment.[7]

## III. *McDonnell-Douglas* Framework

Ms. Hutchins concedes that she has not presented any direct evidence of age discrimination. Instead she relies on circumstantial evidence. Therefore, we analyze her claim under the burden-shifting framework of *McDonnell-Douglas Corp. v. Green*.[8] Under this framework, Ms. Hutchins bears the initial burden to establish a prima facie

---

[4] Order at 14.

[5] *Thompson v. Salt Lake Cnty.*, 584 F.3d 1304, 1311 (10th Cir. 2009).

[6] *Thompson*, 584 F.3d at 1311.

[7] *Noland v. McAdoo*, 39 F.3d 269, 271 (10th Cir. 1994).

[8] 411 U.S. 792 (1973); *see Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1278-79 (10th Cir. 2010) (applying the *McDonnell-Douglas* framework to ADEA claims).

case of discrimination.[9]  If she does, the burden would shift to Cessna to produce a legitimate, non-discriminatory reason for the adverse employment action, which Ms. Hutchins must then rebut by showing that the proffered reason constitutes only a pretext.[10]

## IV.    Ms. Hutchins's ADEA Claim

The ADEA prohibits an employer from terminating any employee on the basis of age.[11]  To establish a prima facie case of age discrimination, a plaintiff must show:

(1)    she is a member of the protected class,

(2)    she suffered an adverse employment action,

(3)    she was qualified for the position at issue, and

(4)    she was treated less favorably than others not in the protected class.[12]

Cessna does not question the existence of a prima facie case of age discrimination, and Ms. Hutchins does not question whether Cessna proffered a legitimate, non-discriminatory reason for the termination.[13]  Consequently, the appeal turns on the third step in the *McDonnell-Douglas* analysis:  Was Cessna's proffered reason a pretext for discrimination?

---

[9]    *McDonnell-Douglas*, 411 U.S. 792, 802 (1973).

[10]    *McDonnell-Douglas*, 411 U.S. 792, 802-03 (1973).

[11]    29 U.S.C. § 623(a)(1).

[12]    *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1279 (10th Cir. 2010).

[13]    Order at 13 (citing *Bertsch v. Overstock.com*, 684 F.3d 1023, 1029 (10th Cir. 2012)).

The reason given was pretextual only if Ms. Hutchins shows that age discrimination provided a more likely explanation or that Cessna's explanation was not credible.[14] To survive a summary judgment motion, Ms. Hutchins had to provide more than mere conjecture regarding Cessna's underlying motivation.[15]

The district court held that Ms. Hutchins could not establish a genuine issue of material fact regarding pretext because she admitted that age was not considered in her termination.[16] We agree. Ms. Hutchins admitted that "[a]t the time the decision was made to terminate [her], neither Gifford, Manuel, or Poulson were aware of, nor did they consider, [Ms. Hutchins]'s age."[17] With this admission, the fact-finder could not reasonably infer any consideration of age in Cessna's decision to fire Ms. Hutchins. Therefore, Ms. Hutchins cannot prove age discrimination.

Ms. Hutchins downplays her concession, asserting that the district court ignored the self-serving nature of Cessna's stated fact.[18] Even if the fact was self-serving, Ms. Hutchins admitted it.

Notwithstanding that admission, Ms. Hutchins describes the evidence she would present to a jury if given the opportunity. This discussion is irrelevant. Ms. Hutchins had no right to present evidence to a jury unless she established a genuine issue of material

---

[14] *Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1455 (10th Cir. 1994).

[15] *Santana v. City & Cnty. of Denver*, 488 F.3d 860, 864-65 (10th Cir. 2007).

[16] Order at 13.

[17] Appellant's App. at 297.

[18] Appellant's Opening Br. at 10.

fact regarding pretext. She did not do that. Instead, she conceded the issue of pretext by admitting that age had played no role in Cessna's decision to terminate her employment.

## V.    Conclusion

The district court did not err in granting summary judgment to Cessna. To defeat summary judgment, Ms. Hutchins had to establish a genuine issue of material fact on pretext. Ms. Hutchins cannot satisfy this burden because she admitted that the decision-makers had not considered her age. With this admission, Ms. Hutchins has not created a genuine issue of material fact on age-related discrimination. In these circumstances, the district court's award of summary judgment was correct. We affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge