Linda K. LANKFORD and Nancy E. Calvary, Plaintiffs–Appellees,

v.

CITY OF HOBART and Hobart Police Department, Defendants,

and

Quirino Medrano, Jr., individually and as City Marshal and Police Chief of the City of Hobart, Defendant–Appellant.

Linda K. LANKFORD and Nancy E. Calvary, Plaintiffs–Appellants,

v.

CITY OF HOBART; Hobart Police Department; Quirino Medrano, Jr., individually and as City Marshal and Police Chief of the City of Hobart, Defendants–Appellees.

Nos. 93–6063, 93–6095.

United States Court of Appeals, Tenth Circuit.

June 14, 1994.

478

David W. Lee of Lee & Fields, P.C., Oklahoma City, OK, for defendant-appellant and cross-appellee Medrano.

Tom R. Stephenson of Stephenson & Webber, Watonga, OK, for plaintiffs-appellees/cross-appellants Lankford and Calvary.

Andrew W. Lester, Mary J. Rounds, and Shannon F. Davies of Lester Bryant Solano Pilgrim & Ganz, Oklahoma City and Tulsa, OK, on the brief, for defendant-appellee City of Hobart.

Before KELLY and McKAY, Circuit Judges, and ROGERS,* Senior District Judge.

McKAY, Circuit Judge,

Plaintiffs Lankford and Calvary filed suit in federal district court against Defendants City of Hobart and Quirino Medrano, the former police chief of the City of Hobart, seeking damages under 42 U.S.C. § 1983, Title VII, and various other federal and state law theories. Plaintiffs alleged that while they were employed as dispatchers at the Hobart police station, Mr. Medrano violated their privacy rights and created a hostile and abusive work environment by sexually harassing them. The alleged sexual harassment included fondling, requesting sexual favors, and making obscene gestures and unwelcome advances. Plaintiffs claimed that, when it became clear to Mr. Medrano that his sexual advances would not be accepted, he began "spying" on them while they were off duty and spreading rumors that Ms. Calvary was a lesbian. He also allegedly used his authority as chief of police to obtain Ms. Calvary's private medical records without her consent from a local hospital in an attempt to discredit her or to prove his statements that she was a lesbian.

Before trial, both Defendants filed motions for summary judgment. The district court granted summary judgment in favor of Defendant City of Hobart on all counts, and in favor of Defendant Medrano on all but the alleged right of privacy violation. Defendant Medrano appealed the denial of qualified immunity on the invasion of privacy action. Mr. Medrano's appeal was assigned case number 93–6063. Plaintiffs then cross-appealed all counts for which the district court granted summary judgment in favor of Defendants. This action was assigned case number 93–6095. Before oral argument, Defendants moved to dismiss Plaintiffs' cross-appeal, number 93–6095, because it was from a non-final order which the trial court refused to certify pursuant to Rule 54(b). Although we have discretion to exercise appellate jurisdiction over a non-final order when it is sufficiently related to another appeal before the court, *see Snell v. Tunnell*, 920 F.2d 673, 676 (10th Cir.1990), *cert. denied*, 499 U.S. 976, 111 S.Ct. 1622, 113 L.Ed.2d 719 (1991), we granted Defendants' motion to dismiss. The dismissal left case number 93–6063, Mr. Medrano's appeal, as the only action remaining before the court. In the interests of judicial economy, and for other reasons that will be apparent from our dispo-

sition today, we now reverse in part our earlier dismissal of Plaintiffs' cross-appeal as improvidently granted and exercise appellate jurisdiction over both case number 93–6063 and the claims in case number 93–6095 brought against Mr. Medrano, so that all of Plaintiffs' claims against Mr. Medrano may be litigated at one time. Both cases have been fully briefed, and in fact, the issues in case number 93–6095 were discussed thoroughly at oral argument. Because the City of Hobart was not represented at oral argument, and because Plaintiffs did not adequately put the City on notice that they were pursuing the Title VII claim despite having that claim previously dismissed as premature, we will not at this time review issues in case number 93–6095 relating to the City of Hobart.

■ We first address Mr. Medrano's appeal on the § 1983 invasion of privacy action, case number 93–6063. In denying Mr. Medrano's motion for summary judgment on this issue, the district court found that a privacy violation may have occurred and that Mr. Medrano was not qualifiedly immune from liability because the violation was clearly established. It is less than clear from the district court's Order as to the alleged facts on which it based its holding of a privacy violation. The parties have assumed on appeal that the court simply equated garden-variety sexual harassment with a violation of privacy rights. Both parties agree, as does this court, that it was not clearly established at the time of the conduct in question that sexual harassment violated constitutional privacy interests. However, relying on logical inferences and the holding and facts of the case cited by the district court, we believe that the district court did not find that the alleged acts of sexual harassment violated Plaintiffs' privacy rights; rather, we believe that, in finding sufficient allegations of a clearly established privacy violation, the district court was referring to Plaintiff Calvary's allegations that Mr. Medrano seized and reviewed her private medical records. In this sense, the district court was correct.[1]

Ms. Calvary alleges that Mr. Medrano's actions concerning the medical records occurred sometime after September of 1990. The district court cited *Eastwood v. Department of Corrections of Oklahoma*, 846 F.2d 627 (10th Cir.1988), for its proposition that Mr. Medrano's alleged privacy violation was clearly established in 1990. In *Eastwood* this court held that a state employee was not qualifiedly immune for a privacy violation when he pressured one of his female subordinates to disclose to him private information about her sexual history. Only two differences exist between *Eastwood* and the present case. The first difference is the precise method by which the private information was obtained. In *Eastwood* the state official pressured the victim to disclose the private information, while in this case Mr. Medrano allegedly obtained the private information by seizing Ms. Calvary's medical records from a local hospital without her consent and without a warrant. However, because *Eastwood* was broadly concerned with protecting employees' private information from being obtained by their employers without a valid reason—not with preventing government coercion—this difference is immaterial. The second difference is the nature of the private information. In *Eastwood,* the information concerned the victim's sexual history, while in this case the information concerned the victim's personal medical history. This difference is likewise immaterial, because there is "no question that an employee's medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection." *Woods v. White,* 689 F.Supp. 874, 876 (W.D.Wis.1988) (quoting *United States v. Westinghouse Corp.,* 638 F.2d 570, 577 (3rd Cir.1980)). *See also Mangels v. Pena,* 789 F.2d 836, 839 (10th Cir.1986); *Tavoulareas v. Washington Post Co.,* 724 F.2d 1010, 1020 (D.C.Cir.1984). Plaintiff Calvary has alleged facts which, if true, would undoubtedly establish a prima facie case that a clearly established privacy violation occurred, and therefore, the denial of Mr. Medrano's summary

---

1. If our determination as to the grounds for the district court's finding of a privacy violation is

incorrect, then we simply affirm the finding of a privacy violation on separate grounds.

judgment motion on this point is affirmed.[2]

■ We now turn to the Plaintiffs' appeal against Mr. Medrano in case number 93–6095. Because Title VII applies only to an *employer*, in this case the City of Hobart, *see Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993), we need only address the § 1983 claim against Mr. Medrano. No other claims brought against Mr. Medrano below, such as the Fair Labor Standards Act and intentional infliction of emotional distress, have been properly raised on appeal by Plaintiffs, and therefore, we will not address them. The district court granted summary judgment to Defendant Medrano on the § 1983 claim, finding that he was shielded by qualified immunity—presumably because the court believed that at the time of the conduct in question it was not clearly established that sexual harassment violated equal protection principles. According to Plaintiffs, the alleged sexual harassment first began in November of 1989. Contrary to the urging of Mr. Medrano in his brief, we hold that on May 22, 1989, with this court's opinion in *Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir.1989), it became clearly established that sexual harassment can constitute a violation of equal protection and give rise to an action under 42 U.S.C. § 1983. *Woodward v. City of Worland*, 977 F.2d 1392, 1398 (10th Cir. 1992) (holding that with *Starrett*, it became clearly established in the Tenth Circuit that sexual harassment can violate the Fourteenth Amendment right to equal protection), *cert. denied sub. nom., Woodard [sic] v. Seghetti*, ── U.S. ──, 113 S.Ct. 3038, 125 L.Ed.2d 724 (1993).

In his brief, Defendant Medrano acknowledges the *Starrett* decision, but argues that that case merely held that sexual harassment *coupled* with firing or discharge is actionable as an equal protection violation under § 1983. Defendant fundamentally misreads our precedent. For the reasons outlined below,

*Starrett* does not require a discharge for sexual harassment to be actionable. First, the *Starrett* decision in no way emphasized the fact that the plaintiff in that case had been fired. It merely listed that fact in a long list of other facts that it felt constituted harassment. *Id.* at 814–15. In arguing that *Starrett* emphasized the need for a discharge, Defendant Medrano presumably refers to section I(C) of that opinion, which dealt with the immunity of the county that employed the defendant. *Id.* at 817–20. However, in that section the court was trying to determine the liability of the *county*, and the issue of whether any discharges occurred was relevant to whether the county was aware that its employee was violating equal protection rights. In the sections of the opinion dealing with the liability of the official who allegedly sexually harassed the plaintiff, the language in no way indicated that a discharge is a necessary ingredient of such a § 1983 action.

Second, in both of the two primary cases relied on by the court in *Starrett*, discharge was not essential to the holding. *Id.* at 814. In *Bohen v. City of East Chicago*, 799 F.2d 1180, 1185 (7th Cir.1986), cited by this court in *Starrett*, the plaintiff was fired from her job. However, the Seventh Circuit analyzed the discharge as discrimination under Title VII and considered it to be separate from the sexual harassment claim which it held to be actionable under § 1983. *Bohen*, 799 F.2d at 1182–85. In *Headley v. Bacon*, 828 F.2d 1272 (8th Cir.1987), the other case relied on by *Starrett*, the plaintiff was not fired from her job, but simply resigned on her own will. The Eighth Circuit allowed her § 1983 claim based on the alleged sexual harassment to proceed, despite the fact that she had not been fired.

Third, the *Starrett* decision itself states plainly that a discharge from employment is not required for a § 1983 equal protection claim based on sexual harassment to succeed.

<hr />

**2.** The district court simply held that a privacy violation occurred and did not specify which of the Plaintiffs had sufficiently alleged such a violation. Because the allegations surrounding the medical records pertain to Ms. Calvary only, it is clear that Ms. Lankford is not a party to the alleged privacy violation. In addition, it is possible that a Fourth Amendment violation occurred

when, as Ms. Calvary alleges, Mr. Medrano "seized" her protected medical files without a warrant. Although Plaintiff argued this point in front of the district court, she has failed adequately to address the Fourth Amendment implications of Mr. Medrano's actions on appeal. Therefore, we do not address this issue.

In several places in the opinion the court indicates that the fondling, unwelcome advances, and obscene remarks are sufficient alone to constitute sexual harassment "separate from the firing." *Starrett*, 876 F.2d at 808; *id.* at n. 16 (discussing the discharge and then referring to the *other* acts of sexual harassment). This language, coupled with the broad and unequivocal statements throughout the opinion holding that sexual harassment can violate the Fourteenth Amendment, leaves no doubt that by May 1989 sexual harassment—with or without a discharge from employment—could give rise to a § 1983 suit based on equal protection rights. *See Woodward*, 977 F.2d at 1397–1400 (*Starrett* clearly established fact that discharge is not essential to a § 1983 claim predicated on equal protection). The fact of discharge merely goes to the question of harassment damages and is not determinative of whether a cause of action can be maintained. Therefore, we reverse the district court in its grant of summary judgment to Mr. Medrano on this point, and reinstate Plaintiffs' 42 U.S.C. § 1983 suit based on the equal protection clause of the Fourteenth Amendment.

In sum, the district court's determination in case number 93–6063 is AFFIRMED. In case number 93–6095, the judgment of the district court is REVERSED as to Plaintiffs' § 1983 claim against Mr. Medrano. We decline to exercise jurisdiction over the claims in case number 93–6095 against the City of Hobart because they are premature. The case is REMANDED for further proceedings consistent with this opinion.