Delores Y. BRYANT, Plaintiff,

v.

Dr. Eddie LOCKLEAR, Susan (Sue) Harless, Barbara Vandenbergh, Carol Yardley, and North Carolina State University, Defendants.

No. 5:96–CV–575–BR2.

United States District Court,
E.D. North Carolina,
Western Division.

Nov. 22, 1996.

Delores Y. Bryant, Raleigh, NC, pro se.

Celia Grasty Jones, Assistant Attorney General, Raleigh, NC, for defendants.

## ORDER

BRITT, District Judge.

This case is before the court on defendants' motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1), (2), and (6). Plaintiff has not responded to defendants' motion and the time for doing so has expired.

Defendants' motion is properly considered as a 12(b)(6) motion for failure to state a claim upon which relief can be granted.

### I. Background

Plaintiff Delores Bryant brought this action pursuant to Title VII of the Civil Rights Act of 1964. (Compl. ¶ 3.) She alleges employment discrimination and seeks back pay and "any and other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees." (Id. ¶¶ 3, 12.) Bryant alleges that defendants discriminated against her by terminating her employment, (id. ¶ 4), on the basis of race and "other" grounds described as follows: "Personal opinions and personal dislikes of other employees. Employees conspired together with fabrication to Administrator." (Id. ¶ 6.) She

identifies defendants Eddie Locklear (Project Administrator), Barbara Vandenbergh (Program Coordinator), Carol Yardley (Project Coordinator), and Sue Harless (Secretary) as the individuals who discriminated against her. (*Id.* ¶ 7.)

Bryant filed charges with the Equal Employment Opportunity Commission on October 18, 1994; a right to sue letter is attached to her complaint. (*Id.* ¶ 11 & Att.)

## II. *Standard on Motion to Dismiss*

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. As stated by the Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957):

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45–46, 78 S.Ct. at 102.

## III. *Discussion*

### A. *Punitive Damages*

■ Defendants first argue that to the extent Bryant's complaint states a claim for punitive damages against North Carolina State University ("NCSU") and the individual defendants in their official capacities, it must be dismissed because in a Title VII case, punitive damages cannot be recovered from a governmental entity.

42 U.S.C. § 1981a(b)(1) states:

> A complaining party may recover punitive damages ... against a respondent *(other than a government, government agency or political subdivision)* if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1) (1994) (emphasis added). NCSU is a constituent institution of the University of North Carolina. N.C.Gen. Stat. § 116–4 (1994). The University of North Carolina is a state agency. *Cf. Board of Governors of the Univ. of N.C. v. United States Dep't of Labor*, 917 F.2d 812 (4th Cir.1990) (holding that the University of North Carolina system constitutes a single state agency for purposes of federal contract compliance laws), *cert. denied*, 500 U.S. 916, 111 S.Ct. 2013, 114 L.Ed.2d 100 (1991). Thus, under § 1981a(b)(1), punitive damages may not be recovered against NCSU.

Lawsuits against a government employee in his or her official capacity "generally represent only another way of pleading an action against an entity of which the officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (quotation omitted). Thus, a suit against an official in his or her official capacity should be treated as a suit against the entity. *Id.* at 166, 105 S.Ct. at 3105. Accordingly, § 1981a(b)(1) also bars any claim for punitive damages against the individual defendants in their official capacities. *See Garrett v. Clarke County Bd. of Educ.*, 857 F.Supp. 949, 953 (S.D.Ala.1994) (punitives in Title VII claim may not be recovered against school board and individual superintendents in their official capacities).

### B. *Claims Against Locklear and Vandenbergh in their Individual Capacities*

Next, defendants move to dismiss Bryant's claims against Locklear and Vandenbergh in their individual capacities. According to defendants, individual capacity suits cannot be maintained under Title VII.

Title VII prohibits "employers" from discriminating against employees on the basis of race, color, religion, sex, or national origin. The statute defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ..., and any agent of such a person...." 42 U.S.C. § 2000e(b) (1994). At issue here is whether Locklear and Vandenbergh, in their individual capacities, fall within this definition.

Two Fourth Circuit decisions are instructive on this question: *Paroline v. Unisys*

*Corp.*, 879 F.2d 100 (4th Cir.1989), *vacated on other grounds*, 900 F.2d 27 (4th Cir.1990), and *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir.), *cert. denied*, ⎯ U.S. ⎯, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994). In *Paroline*, plaintiff asserted Title VII sexual harassment and constructive discharge claims against her employer, Unisys Corporation ("Unisys"), and against Edgar L. Moore, a Unisys employee. The court noted that Paroline could pursue her claims against Moore only if he was her "employer" within the meaning of Title VII. Finding that genuine issues of material fact precluded summary judgment on this question, the Fourth Circuit stated: "An individual qualifies as an 'employer' under Title VII if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment." *Paroline*, 879 F.2d at 104. Thus, *Paroline* recognized that individual capacity suits may be brought under Title VII.

Five years later, the Fourth Circuit decided *Birkbeck*. In *Birkbeck*, two former employees sued their employer, Marvel Lighting Corporation, and its vice-president, Bruce Fennessey, alleging that they were laid off in violation of the Age Discrimination in Employment Act ("ADEA"). The Fourth Circuit began by noting that "[a]s an initial matter, we must decide whether Fennessey is a proper defendant in this action." *Birkbeck*, 30 F.3d at 510. This determination required the court to analyze whether Fennessey was an "employer" as defined by the ADEA. The relevant ADEA provision closely parallels § 2000e(b); it defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees ... [and] also means (1) any agent of such a person...." 29 U.S.C. § 630(b) (1985). Noting that a few courts have seized on the use of the word "agent" and have found individual liability under the ADEA, the court rejected this approach. Instead, it relied on Title VII cases from other Circuits and held that plaintiff's suit could not be maintained against Fennessey. It stated:

The purpose of this provision [§ 630(b) ] can only be to reduce the burden of the ADEA on small businesses. Given this evident limitation, it would be incongruous

to hold that the ADEA does not apply to the owner of a business employing, for example, ten people, but that it does apply with full force to a person who supervises the same number of workers in a company employing twenty or more. Such personal liability would place a heavy burden on those who routinely make personnel decisions for enterprises employing twenty or more persons, and we do not read the statute as imposing it. Instead, we read § 630(b) as an unremarkable expression of respondeat superior—that discriminatory personnel actions taken by an employer's agent may create liability for the employer. Employer liability ensures that no employee can violate the civil rights laws with impunity, a safeguard that has proven sufficient with respect to Title VII, the ADEA's closest statutory kin. *See Harvey v. Blake*, 913 F.2d 226, 227–28 (5th Cir. 1990) (holding that the similar provisions in Title VII, 42 U.S.C. § 2000e(b), mean that individuals acting as employer "agents" will be liable in their official capacities only); *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir.1982) (same). We therefore hold that the ADEA limits civil liability to the employer and that Fennessey, as a Marvel employee, is not a proper defendant in this case.

*Id.* at 510–11 (citations and footnote omitted). Significantly, the court expressly distinguished *Paroline*. It stated: "An employee, however, may not be shielded as an employer's agent in all circumstances. We address here only personnel decisions of a plainly delegable character." *Id.* at 511 n. 1 (citing *Paroline*, 879 F.2d at 104).

This court recognizes that *Birkbeck* and *Paroline* have caused confusion among the district courts in this circuit. Some lower courts have held that individual liability suits may be maintained under Title VII. *See, e.g., Turner v. Randolph County, N.C.*, 912 F.Supp. 182, 185–86 (M.D.N.C.1995) (noting that "the weight of recent authority supports defining 'employer' in a manner in which individual defendants are not held liable in their individual capacities" but going on to apply *Paroline* to hold that "individual defendants can be held liable individually and per-

sonally liable for violation of [Title VII]"). Other courts have rejected such claims. *See, e.g., Blankenship v. Warren County, Va.,* 918 F.Supp. 970, 973 (W.D.Va.) (refusing to extend individual liability in a Title VII claim for gender discrimination), *declining to modify in relevant part,* 931 F.Supp. 447 (1996). Still other courts have followed *Birkbeck* as to ADEA claims while simultaneously following *Paroline* as to Title VII claims. *See, e.g., Pardasani v. Rack Room Shoes Inc.,* 912 F.Supp. 187, 190–91 (M.D.N.C.1996) (holding that under *Birkbeck* there can be no individual liability for ADEA claims arising from decisions of a delegable nature but that under *Paroline,* there can be individual liability for the same claims).

■ This court is of the opinion that *Birkbeck* is properly read as limiting *Paroline.* There are strong indications that *Birkbeck* applies to Title VII as well as ADEA cases. Not only did the *Birkbeck* court cite and distinguish *Paroline,* but also, it based its holding on Title VII cases from other jurisdictions. Moreover, the statutory scheme of Title VII "is virtually identical to" the statutory scheme of the ADEA. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir.1996); *Lenhardt v. Basic Instit. of Technology, Inc.,* 55 F.3d 377, 380 (8th Cir.1995) (noting that ADEA defines employer "in substantially identical manner" as Title VII). Finally, the reasoning employed by *Birkbeck* for its holding regarding the ADEA applies with equal force to Title VII. As the Ninth Circuit stated:

> Title VII limits liability to employers with fifteen or more employees, and the ADEA limits liability to employers with twenty or more employees, in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims. If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees.

*Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir.1993) (citations omitted), *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994). Thus, the rule that emerges from the two decisions is that individual capacity suits may not be maintained under Title VII or the ADEA where the personnel decisions at issue are of a plainly delegable character. Such a reading is generally in accord with decisions of other circuits holding that individual capacity suits cannot be maintained under Title VII or the ADEA. *See, e.g., Smith v. Lomax,* 45 F.3d 402, 403 n. 4 (11th Cir.1995) (Title VII and ADEA); *Lankford v. City of Hobart,* 27 F.3d 477, 480 (10th Cir.1994) (Title VII); *Grant v. Lone Star,* 21 F.3d 649, 651–53 (5th Cir.) (Title VII), *cert. denied,* — U.S. —, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Miller,* 991 F.2d 583, 587–88 (Title VII and ADEA).

■ Applying this rule to the case at hand, Bryant's claims against Locklear and Vandenbergh must fail as the challenged personnel decision was delegable in nature. *See Birkbeck,* 30 F.3d at 511 n. 1 (decision to lay off employees is delegable in nature).

## C. *Claims Against Harless and Yardley*

■ Defendants argue that Bryant's claims against Harless and Yardley must be dismissed. As noted above, individual capacity claims may not be pursued under Title VII. Bryant's claims against Harless and Yardley in their individual capacities, therefore, must be dismissed. As to Bryant's claims against Harless and Yardley in their official capacities, an individual qualifies as an "employer" under Title VII "if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment." *Paroline,* 879 F.2d at 104. Defendants argue that Bryant's "supervisory chain" consisted of her immediate supervisor, Hilary Hykes; second-line supervisor, Vandenbergh; and ultimate supervisor, Locklear. According to defendants, Yardley and Harless were not in the supervisory chain with respect to Bryant and exercised no control over her conditions or continuation of employment.

Bryant's complaint contains no allegations indicating that Yardley and Harless held supervisory positions and exercised significant control over her hiring, firing or conditions of employment. Nor does she make any allegations from which supervisory control may be inferred. As such, the complaint fails to

state a claim as to Yardley and Harless in their official capacities.

For the reasons discussed above, defendants' motion to dismiss (1) plaintiff's claim for punitive damages against NCSU and the individual defendants in their official capacities; (2) plaintiff's claims against Locklear and Vandenbergh in their individual capacities; and (3) plaintiff's claims against Harless and Yardley in their individual and official capacities is GRANTED.