**Binh D. CHUNG, Plaintiff,**

v.

**BNR, INC./NORTHERN TELECOM, INC., Alan Bundy, Individually and in His Official Capacity, Michael Conley, Individually and in His Official Capacity, Defendants.**

**No. 5:97–CV–131–BR1.**

United States District Court,
E.D. North Carolina,
Western Division.

Oct. 20, 1997.

---

Conrad A. Airall, Raleigh, NC, for Binh D. Chung, plaintiff.

Binh D. Chung, Cary, NC, pro se.

Frank P. Ward, Jr., Maupin, Taylor, Ellis & Adams, Raleigh, NC, Craig S. Nolan, Dinse, Erdmann, Knapp & McAndrew, P.C., Burlington, VT, for BNR Inc./Northern Telecom, Michael Conley, defendants.

## ORDER

BRITT, District Judge.

This matter is before the court on defendants' partial motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff did not respond to this motion and the time allowed for him to do so has lapsed. This matter is thus ripe for decision.

## I. BACKGROUND

Plaintiff, a former employee of the corporate defendant, Northern Telecom Inc. ("NTI"), filed this action on 26 February 1997 asserting claims against NTI and two individuals, Alan Bundy ("Bundy") and Mi-

chael Conley ("Conley"). Plaintiff was employed by NTI as a product verification engineer from 1987 until June 1995. (Compl.¶ 8.) Bundy was a product verification manager and plaintiff's immediate supervisor. Conley was a product verification senior manager and allegedly participated in employment decisions related to plaintiff. (*Id.* ¶¶ 6–7.) In September 1994, plaintiff was denied a promotion. In January 1995, plaintiff received an evaluation which criticized his work performance and a memo from Bundy specifying areas of plaintiff's performance needing improvement. (*Id.* ¶¶ 9–10.) Chung disputed the evaluation, and Bundy allegedly responded that NTI was "an American company" and if plaintiff disagreed with the evaluation, he should "go back where he came from." (*Id.* ¶ 11.) NTI terminated plaintiff in June 1995. (*Id.* ¶ 13.) Plaintiff's complaint avers, among other things, that defendants failed to promote him, harassed him, retaliated against him and discharged him because of his national origin in violation of 42 U.S.C. § 1981, Title VII and N.C. Gen.Stat. § 134–422 *et seq.* ("EEPA"). (Compl. ¶¶ 25, 28 and 32.)

## II. STANDARD

A motion pursuant to Fed.R.Civ.P. 12(b)(6) is a drastic remedy and should only be granted in the limited circumstance where "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989)(quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## III. DISCUSSION

Defendants have moved to dismiss the Title VII claims and the EEPA claims against Bundy and Conley on the grounds that neither individual is an "employer" within the meaning of the statutes. Defendants have further moved to dismiss the EEPA claims as to all defendants to the extent plaintiff bases that claim on allegations of harassment, failure to promote and retaliation.

■ Title VII defines "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such person...." 42 U.S.C. § 2000e(b). In *Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir.1989), *vacated on other grounds*, 900 F.2d 27 (4th Cir.1990), the Fourth Circuit found a disputed factual question as to whether a named co-worker was an employer under Title VII, stating that an individual would so qualify if he or she "serves in a supervisory position and exercised significant control over the plaintiff's hiring, firing or conditions of employment." *Id.*, 879 F.2d at 104. In the more recent case of *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir.), *cert. denied*, 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994), the Fourth Circuit addressed whether supervisors were "employers" as the term is defined in the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA"). The ADEA defines "employer" in virtually the same terms as Title VII, differing only in the number of employees required to trigger the act.[1] The *Birkbeck* court reasoned that the "any agent" language included in the definition of "employer" did not provide for individual employee liability but was instead "an unremarkable expression of respondeat superior—that discriminatory personnel actions taken by an employer's agent may create liability for the employer." *Birkbeck*, 30 F.3d at 510. The Fourth Circuit ultimately concluded that supervisors may not be held personally liable when making "personnel decisions of a plainly delegable character." *Birkbeck*, 30 F.3d at 510 n. 1, 511.

In reliance on *Birkbeck*, this court has held that Title VII does not authorize the imposition of personal liability upon supervisors for personnel decisions of a "plainly delegable character." *Bryant v. Locklear*, 947 F.Supp. 915, 918 (E.D.N.C.1996). Decisions regarding promotion and discharge are personnel decisions of a "plainly delegable character." *Birkbeck*, 30 F.3d at 511 n.; *Bryant*, 947 F.Supp. at 918. Applying the case law recited above, Bundy and Conley are not "employers" within the meaning of Title VII. Defendants' motion to dismiss plaintiff's sec-

ond claim for relief against Bundy and Conley will be allowed.

Plaintiff's third claim for relief alleges that Bundy and Conley wrongfully discharged plaintiff in violation of North Carolina public policy enunciated in the EEPA. The EEPA states, in pertinent part:

It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

N.C. Gen.Stat. § 143–422.2.

■ Unlike Title VII, the EEPA does not contain any reference to "agents" of an employer. The plain language of the statute makes it clear that it applies to employers with 15 or more employees. This unambiguous language provides no basis for plaintiff's claim against his individual supervisors Bundy and Conley for wrongful discharge in violation of North Carolina Public Policy. Defendants' motion to dismiss the EEPA cause of action against Bundy and Conley will be allowed.

■ Defendants further move to dismiss plaintiffs' claim for wrongful discharge under the EEPA against all defendants to the extent that this claim is based upon allegations of harassment, failure to promote and retaliation. These allegations do not implicate the public policy concerns articulated in N.C. Gen.Stat. § 143–422. As recited above, that statute expresses the policy of North Carolina with respect to employment discrimination on account of race, religion, color, national origin, age, sex or handicap. It does not express a public policy concerning harassment, failure to promote or retaliation. *See, Leach v. Northern Telecom, Inc.*, 141 F.R.D. 420, 426 (E.D.N.C.1991)(EEPA does not express public policy as to retaliation.) To the extent plaintiff relies upon allegations of harassment, failure to promote and retaliation to support his third cause of action

---

1. The ADEA defines employer as "a person engaged in an industry affecting commerce who has twenty or more employees...[and] any agent of such person ..." 29 U.S.C. § 630(b).

against all defendants, that claim will be dismissed.

## IV. CONCLUSION

For the reasons stated above, the motions of defendants Bundy and Conley to dismiss plaintiff's second and third causes of action against them in their individual capacities are GRANTED and those claims are hereby DISMISSED. Additionally, the motion of all defendants to dismiss plaintiff's third cause of action to the extent it relies on allegations of harassment, failure to promote and retaliation is GRANTED and to the extent the third cause of action is based on these allegations, it is DISMISSED. Plaintiff's third cause of action as it relates to allegations of discrimination due to national origin in violation of the public policy of North Carolina is not dismissed, and remains an active claim in this matter.