**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LOUELLA WATKINS,

      Plaintiff-Appellee,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; ARISTEDES
ZAVARAS, in his official capacity,

      Defendants,

   and

RICHARD MARR, individually
and in his official capacity;
JOSEPH PAOLINO, individually,

      Defendants-Appellants.

No. 98-1063
(D.C. No. 97-Z-1306)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendants-appellants Richard Marr and Joseph Paolino (hereafter defendants) appeal the district court's denial of their motion to dismiss certain of plaintiff's claims against them in their individual capacities, based on the defense of qualified immunity from suit. Defendants also ask us to review the district court's refusal to dismiss plaintiff's pendant state law claims against them. We have jurisdiction to review the district court's denial of qualified immunity. See Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 515 (10th Cir. 1998). We decline to exercise pendant appellate jurisdiction over the district court's denial of defendants' motion to dismiss plaintiff's state law claims. See United Transp. Union Local 1745 v. City of Albuquerque, Nos. 97-2394, 97-2400, 1999 WL 343918, at *3 (10th Cir. May 28, 1999) (holding court's exercise of pendent appellate jurisdiction is discretionary). "[T]he exercise of pendent appellate jurisdiction 'is generally disfavored.'" Armijo ex rel. Chavez v. Wagon Mound Pub. Schs., 159 F.3d 1253, 1264 (10th Cir. 1998) (further quotation omitted).

We review the denial of defendants' Rule 12(b)(6) motion de novo, applying the same standard as did the district court. See Breidenbach v. Bolish, 126 F.3d 1288, 1291 (10th Cir. 1997). Accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff, the district court may appropriately dismiss a complaint only when it appears that plaintiff can prove no set of facts in support of her claims that would entitle her to relief. See Yoder v. Honeywell, Inc., 104 F.3d 1215, 1224 (10th Cir. 1997). The standard is somewhat different when the basis for dismissal is qualified immunity, see Breidenbach, 126 F.3d at 1291, because once the defense of qualified immunity is raised, the plaintiff must demonstrate "both that the defendant[s'] alleged conduct violated the law and that that law was clearly established when the alleged violation occurred." See Workman v. Jordan, 32 F.3d 475, 479 (10th Cir. 1994) (quotation omitted).

Plaintiff must demonstrate that the defendants' conduct violated the law. To this end, she must show facts which, if true, would establish the violation. See Taylor v. Meacham, 82 F.3d 1556, 1559 (10th Cir. 1996). Here, defendants contend that plaintiff has failed to set forth specific facts sufficient to defeat their claims of qualified immunity. They also argue that the district court failed to describe with particularity the factual allegations supporting relevant claims in plaintiff's second amended complaint that demonstrate constitutional violations.

-3-

While the district court might have better elaborated on the basis for its decision, we think the court's determination that plaintiff's second amended complaint met her heightened burden of pleading under Workman is adequate. We therefore need not consider whether this standard was modified by Crawford-El v. Britton, 118 S. Ct. 1584 (1998).

Because the defense of qualified immunity was raised in the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, review of the qualified immunity defense is limited to the pleadings, and we construe the allegations in the amended complaint and any reasonable inferences to be drawn therefrom in plaintiff's favor. See Dill v. City of Edmond, 155 F.3d 1193, 1203 (10th Cir. 1998). However, we also consider the "heightened pleading standard, [which requires] the complaint to contain specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law." See id. at 1204 (quotation omitted). Once the defense is raised, a plaintiff may amend her complaint to include additional "specific, non-conclusory allegations of fact" sufficient for the district court to determine if defendants are entitled to qualified immunity. See id. (quotation omitted). In this case, plaintiff did amend her complaint.

Plaintiff also bears the burden of showing that defendants have violated clearly established law. Here, plaintiff "'must identify a clearly established statutory or constitutional right of which a reasonable person would have known, and then allege facts to show that the defendant's conduct violated that right.'" Breidenbach , 126 F.3d at 1291 (citing Harlow v. Fitzgerald , 457 U.S. 800, 818 (1982)). We first ask what was the clearly established law with respect to plaintiff's constitutional rights at the time defendants allegedly violated them. If the law was not clearly established, defendants are entitled to dismissal of plaintiff's claims against them. See id. If the law was clearly established, we then ask whether defendants' conduct was objectively reasonable in light of this clearly established law. See id. Accordingly, we analyze this issue of qualified immunity with respect to each cause of action against these defendants under 42 U.S.C. § 1983, i.e., the claim that defendants violated her First and Fourteenth Amendment rights. See Tonkovich , 159 F.3d at 517.

As stated in the complaint, during the relevant time period, plaintiff was employed by the Colorado Department of Corrections (DOC) as a correctional officer at the Arkansas Valley Correctional Facility (AVCF). Defendant Paolino was the assistant superintendent at AVCF through most of March 1996. Defendant Marr was appointed superintendent at AVCF during 1996. Appellants' App. at 33-36.

### First Amendment Claim

Plaintiff alleges that defendants have engaged in the continued violation of her First Amendment rights to free speech and to petition the government for redress of grievances. See Appellants' App. at 52. In her complaint, she alleges that actions were taken against her for providing testimony concerning improper governmental conduct aimed at a black female officer, providing information in support of the officer's discrimination complaints, and for reporting information indicating defendant Paolino had asked an inmate to "set up" a white female officer for disciplinary actions or criminal prosecution. See id. at 53. She also alleged defendant Paolino encouraged others to spy on her and branded her as a "liar, a troublemaker, and a bitch." See id. She further claims defendant Paolino encouraged defendant Marr to take disciplinary or corrective action or other punitive sanctions against her to try to discredit her. See id.

She contended that her reporting of offensive behavior by defendants concerning the production of a "sexually-charged skit," which made fun of "women, minorities, and people who file sexual harassment charges," id. at 36, caused defendants to punish her and that defendant Marr allowed her office to be searched, communicated to the Central Department of Corrections Office that she was a troublemaker, and encouraged others to ostracize her, see id. at 54-55. She claims this retaliation was in response to her reporting of alleged illegal or

-6-

inappropriate actions by high-ranking DOC Employees, for refusing to tolerate alleged discrimination and harassment within the DOC, and for violating the DOC's "Code of Silence," which plaintiff claims punishes individuals who stand up against discrimination, harassment, or inappropriate actions within the DOC. Id. at 30.

Plaintiff alleges that defendants took these actions against her specifically for speaking out in opposition to widespread sexual harassment perpetuated against women and with the express purpose of silencing her and preventing her from exercising her First Amendment rights. See id. at 55. Taking her statements as true, we conclude that at this stage of the proceedings, plaintiff has adequately set forth sufficient facts showing the personal involvement of these defendants to survive a motion to dismiss. Moreover, plaintiff's speech may be "'fairly characterized as constituting speech on a matter of public concern.'" Prager v. LaFaver, No. 98-3116, 1999 WL 390859, at *3 (10th Cir. June 15, 1999) (quoting Connick v. Myers, 461 U.S. 138, 146 (1983)); see also Workman, 32 F.3d at 482 ("A sexist atmosphere within the [DOC] is a matter of concern for the community.").

Defendants respond that plaintiff has failed to supply "numerous crucial factual elements" needed to defeat their claim for qualified immunity. See Appellants' Opening Br. at 25. For example, they fault plaintiff for not supplying

the name of her fellow employee for whom plaintiff provided supporting testimony about racially discriminatory allegations and attitudes at the facility. See id. We fail to see how, at this point, this undercuts plaintiff's factual statement and renders it conclusory. Nor was plaintiff required to relate in her complaint the content of the "sexually-charged" skit. See id. at 27.

Plaintiff must also satisfy the second prong of the qualified immunity test, that her right to speak on matters of public concern was clearly established at the time in question. Making "statements in opposition to alleged discriminatory employment practices" has been protected speech since 1983. See Langley v. Adams County, 987 F.2d 1473, 1479 (10th Cir. 1993) (citing Patrick v. Miller, 953 F.2d 1240, 1247 (10th Cir. 1992)). Thus the district court correctly denied defendants' motion to dismiss as to the First Amendment Claim.

Fourteenth Amendment Claim

Sexual harassment can violate the Fourteenth Amendment right to equal protection of the law and state a cause of action under 42 U.S.C. § 1983. See Noland v. McAdoo, 39 F.3d 269, 271 (10th Cir. 1994). This has been clearly established law in this circuit since May of 1989. See Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir. 1992) (citing Starrett v. Wadley, 876 F.2d 808, 814 (10th Cir. 1989)); Lankford v. City of Hobart, 27 F.3d 477, 480 (10th Cir. 1994).

Incidents of harassment and discrimination recited by plaintiff included "degrading her, branding her as a bitch, untruthful, and a troublemaker," Appellants' App. at 57, as well as participation in the March 1996 skit, "demonstrating complete disregard for women, minorities and the issue of sexual harassment at the AVCF," id. at 35. She states that as supervisors, defendants "approved, condoned, and ratified the custom, practice, usage, and tradition" of ridiculing female employees. See id. at 36.

Plaintiff also contends that defendants were "active participants in concerted action and/or a conspiracy directed toward [her] to discredit her, cause her harm, and discipline her," id. at 42, in an attempt to drive her from the facility, see id. at 41. Although plaintiff eventually transferred to another facility, a claim of sexual harassment under § 1983 need not result in discharge in order to be actionable. See Lankford , 27 F.3d at 480-81.

> Creating abusive conditions for female employees and not for male employees is discrimination . . . . Forcing women and not men to work in an environment of sexual harassment is no different than forcing women to work in a dirtier or more hazardous environment than men simply because they are women.

See Woodward , 977 F.2d at 1401 (quoting Bohen v. City of East Chicago , 799 F.2d 1180, 1185 (7th Cir. 1986)). Plaintiff has alleged defendants' direct participation in and/or conscious acquiescence in sexual harassment and a policy

or custom of allowing such sexual harassment in the workplace. See id.; Noland, 39 F.3d at 271.

## Pendent State Claims

Finally, we will not review the denial of defendants' motion to dismiss plaintiff's pendent state claims because those claim are not "inextricably intertwined" with the appealable determination that defendants were not entitled to dismissal of their federal claims on the grounds of qualified immunity. See Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997) (quotation omitted); Sevier v. City of Lawrence, 60 F.3d 695, 701 (10th Cir. 1995) (declining to review state law claims not coterminous with or subsumed in claim on interlocutory appeal).

Because the record in this case presently contains no evidence, we express no view as to plaintiff's capacity to prove her allegations. Defendants are, of course, free to raise the issue of qualified immunity on a motion for summary judgment once the record is better developed. See Prager, 1999 WL 390859, at *6, n.6.

The district court's order denying defendants' motion to dismiss plaintiff's claims against them in their individual capacities is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge