Paula Elaine MCFADDEN, Plaintiff,

v.

TREND COMMUNITY HEALTH SERVICES; and Trend Foundation, Inc., Defendants.

No. 1:99CV37–C.

United States District Court, W.D. North Carolina, Asheville Division.

June 27, 2000.

C. Frank Goldsmith, Jr., Goldsmith & Goldsmith, Marion, NC, for Paula Elaine McFadden, plaintiff.

Frank P. Graham, Wyatt S. Stevens, Elizabeth N. Rich, Roberts & Stevens, P.A., Asheville, NC, for Trend Community Health Services, defendant.

## ORDER

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the court on defendants' Motion for Summary Judgment. The court has carefully considered the well-reasoned briefs of respective counsel and determined that genuine is-

sues of material fact remain on the Title VII claim.

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the nonmoving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving [sic] party, there is no "genuine issue for trial."

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted; emphasis in the original) (quoting Fed.R.Civ.P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). By reviewing substantive law, the court may determine what matters constitute material facts. *Id.* "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Id.,* at 248, 106 S.Ct. 2505. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.*

> [T]he court is obliged to credit the factual asseverations contained in the material before it which favor the party resisting summary judgment and to draw inferences favorable to that party if the inferences are reasonable (however improbable they may seem).

*Cole v. Cole,* 633 F.2d 1083, 1092 (4th Cir.1980). Affidavits filed in support of defendants' motion for summary judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. *United States ex rel. Jones v. Rundle,* 453 F.2d 147 (3d Cir.1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. *Davis v. Zahradnick,* 600 F.2d 458 (4th Cir.1979). In her responsive brief, plaintiff has fairly characterized the purported facts of this case, and they are adopted for the limited purpose of this Order.

■ Title VII has created two recognized causes of action—*quid-pro-quo* harassment and hostile work environment. The respective burdens in the two types of sexual-harassment claims may be met with direct evidence, introduction of statements, or circumstantial evidence which is relevant and probative. *Moore v. City of Charlotte,* 754 F.2d 1100 (4th Cir.), *cert. denied,* 472 U.S. 1021, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985). As discussed *supra,* plaintiff's burden is to show that there are genuine issues of material fact warranting trial.

■ In order for a claim of hostile work environment to be maintained, it is required that four specific elements be shown:

(1) that the conduct was unwelcome;

(2) that the harassment was based upon sex;

(3) that the harassment was sufficiently pervasive or severe to create an abusive working environment; and

(4) that some basis exists for imputing liability to the employer.

*Paroline v. Unisys Corp.,* 879 F.2d 100, 105 (4th Cir.1989), *vacated in part,* 1989 U.S.App. LEXIS 13074 (4th Cir.1989), *vacated* 900 F.2d 27 (4th Cir.1990). The "notice" requirement can be rebutted by the employer directly or through evidence which shows the employer took prompt remedial action. *Id.* "Title VII was not designed to create a federal remedy for all offensive language and conduct in the

workplace." *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754 (4th Cir.), *cert. denied*, 519 U.S. 818, 117 S.Ct. 70, 136 L.Ed.2d 30 (1996). Rather, its purpose is to protect a "reasonable person" from an environment in which abuse is sufficiently severe or pervasive as to alter the conditions of his or her employment. *Id.* at 753 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 19, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993), and *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). The court finds that it is an issue of fact for the jury as to whether defendants' prompt remedial action, which required plaintiff to return to work with the harasser alone at night, was effective.

■ As to the state common-law claim for constructive discharge in violation of public policy, the court finds that such claim must be dismissed as a matter of law. It is the express public policy of the State of North Carolina to protect the right of all people to seek, obtain, and hold employment without discrimination based upon sex. Chapter 143–422.2, N.C.Gen. Stat. Plaintiff contends that her alleged constructive discharge constitutes a violation of such public policy and that North Carolina law provides her with a private cause of action. *See EEOC v. Tar Heel Capital, Inc.*, 1998 U.S.Dist. LEXIS 22268, 1:98, 1998 WL 1472862cv84 (W.D.N.C. 1998). More recently, the Court of Appeals for the Fourth Circuit, in a published decision originating in this district, held, in pertinent part, as follows:

Neither the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under the NCEEPA. Instead, most courts have applied the NCEEPA only to common law wrongful discharge claims or in connection with other specific remedies.

In *Mullis v. Mechanics & Farmers Bank*, 994 F.Supp. 680 (M.D.N.C.1997), the court held that "[a]bsent a clear indication from the courts or the legislature of North Carolina that a private right of action does exist under the NCEEPA, it would be inappropriate for a federal court to create a private right of action under the NCEEPA, and this court declines to do so." We agree.

*Smith v. First Union National Bank*, 202 F.3d 234, 247 (4th Cir. January 19, 2000) (citations and footnote omitted). While the district court has recently determined that *Smith* does not overrule *Tar Heel Capital*, this court will, most respectfully, follow the decision of the Court of Appeals for Fourth Circuit and dismiss plaintiff's NCEEPA claim. Genuine issues of material fact remain on the balance of plaintiff's state-law claims.

■ Finally, Trend Foundation, Inc., which appears to be a not-for-profit foundation created to support Trend Community Health Services, has moved for dismissal on the ground that it is not an "employer" under Title VII. The court agrees and will dismiss such nominal defendant. Having considered defendants' motion and reviewed the pleadings, the court enters the following Order.

### ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part, as follows:

(1) Trend Foundation, Inc., is **DISMISSED** with prejudice from this action;

(2) plaintiff's NCEEPA claim is **DISMISSED** with prejudice as a matter of law; and

(3) summary judgment is **DENIED** on plaintiff's Title VII claim and the remainder of plaintiff's supplemental common-law claims.

This Order is entered in response to defendants' Motion for Summary Judgment (# 12).