**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

OCCIE L. JONES,
             *Plaintiff-Appellant,*

v.                                              No. 02-1024

DUKE ENERGY CORPORATION,
             *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
H. Brent McKnight, Magistrate Judge.
(CA-00-641-3-MCK)

Submitted: July 16, 2002

Decided: August 9, 2002

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Roger W. Rizk, ROGER W. RIZK, P.A., Charlotte, North Carolina, for Appellant. Jill Stricklin Cox, John James Doyle, CONSTANGY, BROOKS & SMITH, L.L.C., Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Occie L. Jones appeals the district court's adverse grant of summary judgment in her civil action against her former employer, Duke Energy Corporation (Duke), in which she alleged that Duke violated the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2 (1999) (NCEEPA) by engaging in retaliation, subjecting her to a hostile work environment and general disparate treatment because of her race, and constructively discharging her. She further alleged that Duke violated the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2002) (ERISA), by failing to furnish her with documents relating to other employees' monthly contribution amounts under medical insurance plans offered by Duke. For the reasons set forth below, we affirm the district court's grant of summary judgment in favor of Duke.

The provisions of the NCEEPA do not explicitly provide a private cause of action for violation of the stated public policy, nor have North Carolina courts recognized such a private cause of action arising independently out of the statute. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). While Jones recognizes this to be the case, she claims that the narrow exception to the employment-at-will doctrine for wrongful discharge carved out by North Carolina courts demonstrates a shifting of the tide toward private action rights under the statute, and she argues there is no "rational distinction" between claims for constructive discharge and wrongful discharge claims. We disagree. As the district court found, North Carolina courts and federal courts applying North Carolina law have made that very distinction, by finding repeatedly that no private cause of action exists for retaliation, hostile work environment, disparate treatment, or constructive discharge in violation of public policy.[1] We decline to expand the provisions of the NCEEPA, as Jones requests.

---

[1]*See, e.g.*, *Smith*, 202 F.3d at 247 (no cause of action for sexual harassment under the NCEEPA); *McFadden v. Trend Community Health Servs.*, 114 F. Supp. 2d 427, 2000 U.S. Dist. LEXIS 19340, *6-7 (W.D.N.C. 2000) (constructive discharge); *DeWitt v. Mecklenburg County*, 73 F. Supp. 2d 589, 604-05 (W.D.N.C. 1999) (general disparate treatment, hostile work environment, retaliation).

Jones also asserts that the district court erred in finding that Duke did not violate ERISA's disclosure provisions[2] by refusing to send her a comparison "cost scale" showing the required contribution amounts payable by other individuals for retiree medical coverage. Specifically, Jones requested Duke to produce "scenarios of Retirement Medical Insurance monthly premiums" for people eligible in all groups. We find the district court properly rejected Jones' ERISA claim based upon the undisputed fact that no integrated "cost scale" or "comparison chart" showing monthly contribution amounts for all groups of participants by age and eligible service at retirement ever existed during the time period at issue. Duke cannot be in violation of § 1024(b)(4), for its failure to disclose a document it did not have.

Accordingly, we find that summary judgment was proper. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]Under ERISA, a plan administrator's duty to disclose plan documents to participants is governed by Section 1024(b)(4), which provides, in pertinent part:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated . . . .

29 U.S.C.A. § 1024(b)(4) (West Supp. 2002). In defining the phrase "instruments under which the plan is established or operated," we have held that, "The clear and unambiguous meaning of this statutory language encompasses only formal or legal documents under which a plan is set up or managed." *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 654 (4th Cir. 1996).