**Daquanta ROBERTS, Plaintiff,**

**v.**

**WAL–MART STORES, INC., and Wal–Mart Stores East, Inc., Defendants.**

**No. 5:07–CV–37–D.**

United States District Court, E.D. North Carolina, Western Division.

Aug. 27, 2007.

Ta–Letta Bryant Saunders, Bryant Saunders PLLC, Raleigh, NC, for Plaintiff.

Angela B. Cummings, Julie Kerr Adams, L. Stanford Sherrill, Jr., Littler Mendelson, PC, Charlotte, NC, for Defendant.

### ORDER

DEVER, District Judge.

On February 2, 2007, Daquanta Roberts ("plaintiff") filed a complaint concerning her employment by Wal–Mart Stores East, Inc. ("Wal–Mart"). Plaintiff alleges that Wal–Mart failed to promote her because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") and in violation of 42 U.S.C. § 1981. *See* Compl. ¶¶ 47–50. The complaint also requests "[a]n Order enjoining defendants from engaging in discrimination on the basis of race in accordance with N.C.G.S. § 143–422.1...." Compl., Prayer for Relief, ¶ 2.

Wal–Mart moved to dismiss the Title VII claim because plaintiff allegedly did not file her claim within 90 days of her receipt of her right to sue letter. *See* Def. Mem. 3–5 (analyzing 42 U.S.C. § 2000e–5(f)(1)); Fed.R.Civ.P. 12(b)(6). Wal–Mart also moved to dismiss plaintiff's request for relief under N.C. Gen.Stat. § 143–422.1 for failure to state a claim. *See* Def. Mem. 5–6. Plaintiff responded in opposition, and Wal–Mart replied.

■ Wal–Mart's argument concerning the timeliness of plaintiff's Title VII claim is not without force. Nonetheless, the court denies Wal–Mart's motion to dismiss the Title VII claim because a more complete record is needed to resolve Wal–Mart's argument. Specifically, discovery needs to take place concerning the factual issues described in Wal–Mart's memorandum and plaintiff's response. Following discovery, Wal–Mart may (of course) file a motion for summary judgment and challenge whether the Title VII claim was timely filed.

■ As for plaintiff's request for relief under N.C. Gen.Stat. § 143–422.1, plaintiff concedes that the North Carolina Supreme Court and the North Carolina Court of Appeals have never recognized a private cause of action under N.C. Gen.Stat. § 143–422.1. Pl. Resp. 7. She also appears to recognize that North Carolina appellate decisions citing N.C. Gen.Stat. § 143–422.1 as a source of public policy for a tort claim of wrongful discharge in violation of public policy have never recognized a tort claim of wrongful failure to promote in violation of public policy. *See id.* Nevertheless, plaintiff argues that she "is not asking the court to recognize a private cause of action. She is requesting the court to enjoin the Defendants from engaging in future discrimination based on race in the spirit of [N.C. Gen.Stat. § 143–422.1]." Pl. Resp. 7–8.

The court rejects plaintiff's argument. If this court were to grant the requested relief under N.C. Gen.Stat. § 143–422.1, then the court would be creating a private cause of action under N.C. Gen.Stat. § 143–422.1. Such a private cause of action would contradict North Carolina law. *See, e.g., Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir.2000). "Neither the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under [N.C. Gen.Stat. § 143–422.1]. Instead, most courts have applied [N.C. Gen.Stat. § 143–422.1] only to common law wrongful discharge claims or in connection with other specific statutory remedies." *Id.; see also McLean v. Patten Cmtys., Inc.,* 332 F.3d 714, 719 (4th Cir.2003); *Jones v.*

*Duke Energy Corp.,* 43 Fed.Appx. 599, 600 (4th Cir.2002) (per curiam) (unpublished); *Schulze v. Meritor Auto., Inc.,* 13 Fed. Appx. 89, 91 (4th Cir.2001) (per curiam) (unpublished); *Baucom v. Cabarrus Eye Ctr., P.A.,* 2007 WL 1074663, at *6–7 (M.D.N.C. Apr. 4, 2007) (unpublished); *Kerry v. Harris Teeter, Inc.,* 2006 WL 2497088, at *4 (W.D.N.C. Aug.25, 2006) (unpublished); *Helmstetler v. Borden Chem., Inc.,* 2002 WL 1602432, at * 1 (M.D.N.C. June 13, 2002) (unpublished); *Chung v. BNR, Inc.,* 16 F.Supp.2d 632, 634–35 (E.D.N.C.1997). Thus, the court grants Wal–Mart's motion to dismiss plaintiff's request for relief under N.C. Gen. Stat. § 143–422.1.

As explained above, the court GRANTS IN PART Wal–Mart's motion to dismiss. Plaintiff's request for relief under N.C. Gen.Stat. § 143–422.1 is DISMISSED. Wal–Mart's motion to dismiss plaintiff's Title VII claim is DENIED.

SO ORDERED.